

The Chrysler Building
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800   Fax: 212.554.7700
www.mosessinger.com

Philippe Zimmerman
Direct Dial: 212.554.7895
E-Mail: pzimmerman@mosessinger.com

April 15, 2024

**VIA ECF**

Honorable Margaret M. Garnett
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re: *Davis v. Odn I GmbH et al.*, Case No. 1:24-cv-01463-MMG

Dear Judge Garnett:

     We write on behalf of Plaintiff, Eugene Davis ("Plaintiff"), pursuant to Rule I.D.3 of Your Honor's Individual Rules & Practices to respectfully move for leave to redact very limited portions of Plaintiff's First Amended Complaint, which is being filed concurrently with this Letter Motion.

     Plaintiff requests leave to redact the portions of the First Amended Complaint that reveal the identity of the members and sub-members of defendant Contrarian Management LLC ("Contrarian"). Such information was produced by Contrarian in its responses to Plaintiff's First Interrogatory, which responses were designated Confidential pursuant to the Protective Order entered on March 27, 2024 (ECF 30) (the "Protective Order").

     Counsel met and conferred regarding the scope and nature of the requested redactions. Defendants consent to Plaintiff's proposed redactions requested herein, which are limited to the names of the members and sub-members of Contrarian.

     The Second Circuit has recognized that the right to public access to judicial documents is not absolute and "the court must balance competing considerations against it." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation marks and citations omitted). In particular, the Court must balance the right to public access to judicial documents against the privacy interest of the party resisting disclosure. *See Lugosch*, 435 F.3d at 119–20. Courts have frequently found that a person's interest in protecting sensitive business information outweighs the public's interest in accessing such materials, and, as such routinely permit parties to file such materials under seal. *See, e.g., Lexington Furniture Industries, Inc. v. Lexington Co.*, No. 19-cv-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (finding that the proposed sealing was appropriate because "protecting the parties' sensitive business information,

5635168

outweighs the public's right to access this information" and the sealing was "narrowly tailored to protect only this sensitive business information").

Here, the requested redactions are appropriate given that the information sought to be redacted concerns the ownership of Contrarian, a non-public company, and was designated as Confidential pursuant to the Protective Order, which provides, *inter alia*, that "[t]he person producing any given Discovery Material may designate as Confidential . . . previously nondisclosed material relating to ownership or control of any non-public company . . . ." Plaintiff's proposed redactions are narrowly tailored to only redact the names of the members and sub-members of Contrarian, and would not have any effect on the public's ability to read or understand the claims asserted in the First Amended Complaint.

For these reasons, Plaintiff respectfully requests that the Court grant his request to redact portions of the First Amended Complaint submitted concurrently with this Letter Motion.

Respectfully yours,

/s/ Philippe Zimmerman

Philippe Zimmerman

CC: All counsel of record via CM/ECF

> Application GRANTED. Plaintiff may file the proposed redacted version of the First Amended Complaint and redline (Dkt. Nos. 35-1 and 35-2). The Clerk of Court is respectfully directed to terminate Dkt. No. 34.
>
> SO ORDERED. Date: 4/17/2024.
>
> HON. MARGARET M. GARNETT
> UNITED STATES DISTRICT JUDGE