USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE DAVIS,

                                Plaintiff,

-against-

ODN I GMBH, et al.,

                                Defendants.

24-CV-01463 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

       Plaintiff Eugene Davis ("Plaintiff") brings this action against Defendants Foresea Holding S.A. f/k/a DrillCo Holding Lux S.A. ("Foresea"); ODN I GmbH; Norbe Six GmbH f/k/a Odebrecht Drilling Norbe Six GmbH; ODN Tay IV GmbH; Norbe Eight GmbH f/k/a Odebrecht Drilling Norbe Eight GmbH; Norbe Nine GmbH f/k/a Odebrecht Drilling Norbe Nine GmbH; Foresea Offshore Drilling Finance Limited f/k/a Odebrecht Offshore Drilling Finance Limited; Norbe VIII/IX Ltd. f/k/a Odebrecht Drilling Norbe VIII/IX Ltd. (collectively, the "Foresea Defendants"); and Ocyan S.A. f/k/a Odebrecht Oleo e Gas S.A. ("Ocyan" and together with the Foresea Defendants, the "Foresea-Ocyan Defendants"); and Contrarian Capital Management, LLC and Joshua Weisser (together, the "Investor Defendants") in connection with an agreement appointing Plaintiff as a creditor representative under notes issued pursuant to a debt restructuring and reorganization. Plaintiff asserts claims for breach of contract and tortious interference with contract. The Foresea-Ocyan Defendants and the Investor Defendants each move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, both motions to dismiss are GRANTED.

## BACKGROUND

**I.     FACTUAL BACKGROUND**

The following facts are taken from the allegations in the First Amended Complaint (Dkt. No. 38, the "Complaint" or "FAC"), as well as documents referenced therein,[1] and are assumed true for the purposes of these motions.

The Foresea-Ocyan Defendants are nonresident entities that operate in the oil and gas industry.  *See* FAC ¶ 25.  In 2017, debt associated with a series of syndicated loans was reorganized, and the Foresea-Ocyan Defendants entered into two indentures (the "Indentures") as issuers and guarantors.  *Id*. ¶¶ 28–31; *see also* Dkt. No. 43 ("Moskowitz Decl.") Exs. 2 & 3 (the "Indentures"); Ellis Decl. Exs. A & B (same).  As part of the Indentures, the Foresea Defendants issued two tranches of secured notes ("Tranche 1" and "Tranche 2") to investors.  *See* FAC ¶¶ 31, 38.  The Indentures vested the beneficial holders of those notes (the "Noteholders") with the ability to appoint a "Creditor Representative" to represent their interests.  *See id*. ¶¶ 32, 51; Indentures § 5.01.  By engagement letter dated December 22, 2017 (the "Agreement"), Plaintiff was appointed as the Creditor Representative.  *Id*. ¶¶ 32–33; *see also* Moskowitz Decl. Ex. 1 (the "Agreement"); Dkt. No. 46 ("Ellis Decl.") Ex. C (same).  Plaintiff's responsibilities under the Agreement included approving annual budgets and certain affiliate transactions.  FAC ¶ 34.

The Agreement provided Plaintiff with the opportunity to earn certain fees, which were payable "unless or until the Creditor Representative's resignation or removal becomes effective."

---

[1] *See Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (explaining that "when ruling on Rule 12(b)(6) motions to dismiss," courts may "consider the complaint in its entirety. . ., documents incorporated into the complaint by reference, and matters of which a court may take judicial notice") (quotation marks omitted); *Hu v. City of N.Y.*, 927 F.3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider 'only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which judicial notice may be taken.'") (alteration omitted) (quoting *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993)).

Agreement § 4. One of the fees Plaintiff could have earned under the Agreement was the "Incentive Fee," *id*. § 4(b), the payment of which was conditioned on the occurrence of a "Principal Reduction," defined as certain reductions to the outstanding principal amounts owed under the Tranche 2 notes. FAC ¶ 35; Agreement § 4(b). The Agreement also provided for the reimbursement of certain expenses and fees incurred by Plaintiff "in connection with the negotiation, performance or enforcement of this Agreement," which certain Foresea Defendants were responsible for paying. Agreement §§ 4, 5; FAC ¶¶ 35, 72.

The Indentures permitted certain Noteholders (those with at least 50% of the aggregate outstanding principal amount of Tranche 1 notes) to remove the Creditor Representative "at any time," without limitation, *see* Indentures § 5.01(h), and the Agreement specifically terminated upon the "removal . . . of the Creditor Representative, in accordance with the Indentures," Agreement § 2. On September 28, 2021, Plaintiff was removed as Creditor Representative. FAC ¶ 91. A Principal Reduction, which was the condition precedent to the payment of the Incentive Fee, occurred in 2023 in connection with the restructuring of Ocyan's debt. *Id.* ¶¶ 54, 70.

Prior to his removal, Plaintiff alleges that the Investor Defendants threatened him with removal if he did not give up his right to the Incentive Fee "in the event of a Principal Reduction." *Id.* ¶¶ 57, 88. Plaintiff also alleges that the Investor Defendants caused the Foresea-Ocyan Defendants to terminate Plaintiff to avoid payment of the Incentive Fee. *Id.* ¶ 62.

Although Plaintiff admits in his Complaint that the specific Foresea Defendants[2] that were responsible for paying the fees and expenses owed to him under the Agreement reimbursed

---

[2] These Defendants are referred to as the "Guarantors" in the Agreement. *See* Agreement § 4.

him for attorneys' fees and expenses incurred in 2021, *id*. ¶¶ 72–73, he also alleges that they have not reimbursed him for fees he incurred in 2023 and 2024, *id*. ¶¶ 74–79.

## II.    PROCEDURAL HISTORY

Plaintiff initiated this action by complaint on February 26, 2024.  Dkt. No. 1.  On March 1, 2024, the Court ordered Plaintiff to amend the complaint to adequately allege diversity of citizenship between Plaintiff and Defendant Contrarian.  *See* Dkt. No. 26.  On March 27, 2024, the Court entered the parties' proposed stipulated protective order, Dkt. No. 30, as well as a stipulation regarding service of process and a briefing schedule for motions to dismiss, Dkt. No. 31.  On April 18, 2024, Plaintiff filed the Complaint.  Dkt. No. 38.

On May 30, 2024, the Foresea-Ocyan Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Dkt. Nos. 41, 42 ("Foresea-Ocyan Br."), 43 ("Moskowitz Decl.").  The same day, the Investor Defendants likewise moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Dkt. Nos. 44, 45 ("Investor Defs. Br."), 46 ("Ellis Decl.").  On July 15, 2024, Plaintiff filed a consolidated opposition to the Foresea-Ocyan Defendants' and the Investor Defendants' motions to dismiss.  *See* Dkt. Nos. 51 ("Zimmerman Decl."), 52 ("Pl. Opp.").  On August 14, 2024, the Foresea-Ocyan Defendants and the Investor Defendants replied.  *See* Dkt. Nos. 53 ("Foresea-Ocyan Reply"), 54 ("Investor Defs. Reply"). The Investor Defendants filed a letter regarding supplemental authority relevant to the pending motion to dismiss on February 24, 2025, Dkt. No. 55, to which Plaintiff responded on February 26, 2025, Dkt. No. 56.  This Opinion and Order followed.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court assessing such a motion must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor."  *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (quoting *Scutti Enters., LLC v. Park Place Entm't Corp.*, 322 F.3d 211, 214 (2d Cir. 2003)).  In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court may "look[] only to the complaint; documents that are attached as exhibits to, incorporated by reference, or integral to the complaint; and matters of which judicial notice may be taken."  *Rhee-Karn v. Burnett*, No. 13 Civ. 6132 (JPO), 2014 WL 4494126, at *3 (S.D.N.Y. Sept. 12, 2014).

### I.  THE FORESEA-OCYAN DEFENDANTS' MOTION TO DISMISS

In the Complaint, Plaintiff claims that the Foresea-Ocyan Defendants breached the Agreement by not paying him the Incentive Fee (Count 1) and by not reimbursing him for expenses he incurred in 2023 and 2024 (Count 5).  FAC ¶¶ 80–85, 114–19.  Plaintiff also claims the Foresea-Ocyan Defendants breached the implied covenant of good faith and fair dealing based on the nonpayment of the Incentive Fee (Count 2).  *Id*. ¶¶ 86–96.  The Foresea-Ocyan Defendants move to dismiss all three counts asserted against them for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The Court addresses the breach of contract and breach of the implied covenant claims below, and for the reasons discussed, GRANTS the Foresea-Ocyan Defendants' motion to dismiss in its entirety.

#### A.  The Breach of Contract Claims Against the Foresea-Ocyan Defendants (Counts 1, 5) Fail to State a Claim

"On a motion to dismiss for breach of contract, courts look . . . at the contract itself, which by definition is integral to the complaint."  *Axiom Inv. Advisors, LLC by & through Gildor Mgmt., LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526, 533 (S.D.N.Y. 2017).  "Under New

York law,[3] the elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages. . . . Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).  The parties' dispute centers on the third element: whether the Foresea-Ocyan Defendants breached the agreement by (1) failing to pay Plaintiff the Incentive Fee (Count 1), or (2) failing to reimburse Plaintiff for various expenses incurred in 2023 and 2024 (Count 5).  Under the plain language of the Agreement, even accepting all well-pleaded allegations as true, both breach of contract claims fail.

As to Count 1, the unambiguous language of the Agreement states that Plaintiff is entitled to the fees described in the Agreement, including the Incentive Fee, "unless or until [Plaintiff's] resignation or removal becomes effective."  Agreement § 4.  Plaintiff was removed as Creditor Representative on September 28, 2021, and the Principal Reduction (the condition precedent to the requirement to pay Plaintiff the Incentive Fee) did not occur until 2023, as stated by Plaintiff plainly in the Complaint.  *See* FAC ¶ 54.  Thus, as Plaintiff was no longer entitled to the fees once his removal became "effective," and because the Principal Reduction occurred more than a year after his removal, he was not entitled to payment of the Incentive Fee.[4]

---

[3] New York law governs "[a]ll disputes arising out of or related to" the Agreement.  *See* Agreement § 10.

[4] On opposition, Plaintiff did not oppose any of the Foresea-Ocyan Defendants' arguments with respect to their motion to dismiss Count 1.  *See* Pl. Opp. at 6 n.2; *see also* Foresea-Ocyan Reply at 2.  This constitutes abandonment of Count 1 and alone merits dismissal of that claim.  *See Felix v. City of N.Y.*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed" (internal quotation marks and citation omitted)); *Romeo & Juliette Laser Hair Removal, Inc. v. Assam I LLC*, No. 08 Civ. 442 (TPG) (FM), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . . , a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim.").

Count 5 fails for similar reasons. Plaintiff alleges that the Foresea-Ocyan Defendants breached the Agreement by failing to reimburse him for fees and expenses incurred in 2023 and 2024 in connection with the negotiation, performance, and enforcement of the Agreement. *See* FAC ¶¶ 117–19. But per its clear and unambiguous terms, the Agreement automatically terminated upon his removal on September 28, 2021, *see* Agreement § 2, so any expenses incurred by Plaintiff after that date could not have been "in connection with the negotiation, performance, and enforcement of the Agreement." Accordingly, any alleged failure to pay expenses in 2023 and 2024 cannot sustain a claim of breach.

On opposition, Plaintiff argues that the second clause of Agreement § 5, which is "distinct" and "written more broadly" than the first, "entitles Davis to seek reimbursement of fees and expenses even after termination," because it specifically accounts for fees and expenses incurred in connection with "any fee dispute and collection." Pl. Opp. at 12 (emphasis omitted). But, unlike other sections in the Agreement that specifically state they survive the termination (*see* Agreement §§ 8, 9, 10), there is no indication in the text of § 5 that the parties intended either clause of § 5 to survive. That the second clause includes a reference to "fee dispute[s] and collection[s]," cannot alone—in the absence of affirmative, clear language to this effect such as that included in other nearby sections—indicate the parties' mutual intent to make those rights survive after the Agreement ends. *See Perreca v. Gluck*, 295 F.3d 215, 224 (2d Cir. 2002) (it is a "cardinal principle of contract construction that a document should be read to give effect to all its provisions and to render them consistent with each other," and, accordingly, "all provisions of a contract [should] be read together as a harmonious whole, if possible." (internal references omitted)). Count 5, therefore, likewise fails and must be dismissed.

### B. The Breach of Implied Covenant of Good Faith and Fair Dealing Claim (Count 2) Against These Defendants Fails to State a Claim

The Foresea-Ocyan Defendants argue that Plaintiff's claim for breach of the covenant of good faith and fair dealing must be dismissed as duplicative of Plaintiff's breach of contract claims. Foresea-Ocyan Br. at 11–14. Plaintiff responds that its breach of covenant claim exists as an independent cause of action distinct from its breach of contract claims and should thus be sustained. Pl. Br. at 6–11. The Court agrees with the Foresea-Ocyan Defendants and grants the motion to dismiss on two grounds.

It is axiomatic that implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance. *See Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (1995). Although breach of this covenant may give rise to a claim of relief, *see Granite Partners, L.P. v. Bear, Stearns & Co.*, 17 F. Supp. 2d 275, 305 (S.D.N.Y. 1998), there are limitations on its scope. The Second Circuit has indicated that it is the "intent and reasonable expectations" of parties entering into a given contract that fix the boundaries of the covenant of good faith and fair dealing, provided that those expectations are consistent with the express terms of the contract. *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 502 (2d Cir. 1989); *see also Dalton*, 87 N.Y.2d at 389. Hence, the purpose of the implied covenant of good faith is to further an agreement by protecting a promisee against "breach of the . . . reasonable expectations and inferences otherwise derived from the agreement." *TVT Records & TVT Music, Inc. v. Island Def Jam Music Grp.*, 244 F. Supp. 2d 263, 278 (S.D.N.Y. 2003). Such protection cannot exist in the absence of an underlying valid contract. *See Alter v. Bogoricin*, No. 97 Civ. 0662 (MBM), 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997) ("[T]he covenant of good faith and fair dealing is not distinct from the underlying contract[.]"); *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 304 (1983).

Accordingly, "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002); *see also Butvin v. DoubleClick Inc.*, No. 99 Civ. 4727 (JFK), 2001 WL 228121, at *8 (S.D.N.Y. Mar. 7, 2001). Courts in this District have consistently dismissed claims for breach of the implied covenant of good faith as "redundant where the conduct allegedly violating the implied covenant is also the predicate for breach . . . of an express provision of the underlying contract." *TVT*, 244 F. Supp. 2d at 277 (quoting *EUA Cogenex Corp. v. N. Rockland Cent. Sch. Dist.*, 124 F. Supp. 2d 861, 873 (S.D.N.Y. 2000)); *see also Alter*, 1997 WL 691332, at *7 ("[E]very court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative"). Consequently, a breach of the implied covenant of good faith claim can survive a motion to dismiss "only if it is based on allegations different than those underlying the accompanying breach of contract claim." *Siradas v. Chase Lincoln First Bank, N.A.*, No. 98 Civ. 4028, 1999 WL 787658, at *6 (S.D.N.Y. Sept. 30, 1999). Moreover, where the relief sought by the plaintiff in claiming a breach of the implied covenant of good faith is "intrinsically tied to the damages allegedly resulting from the breach of contract," *Alter*, 1997 WL 691332, at *8 (quoting *Canstar v. J.A. Jones. Constr. Co.*, 212 A.D.2d 452, 453 (1st Dep't 1995)), there is no separate and distinct wrong that would give rise to an independent claim. *See also Deer Park Enters., LLC v. Ail Sys., Inc.*, 57 A.D.3d 711, 712 (2d Dep't 2008) (quoting *Canstar*, 212 A.D.2d at 453).

The implied covenant claim must be dismissed because the facts that are offered in support of the claim are the same as those supporting the separate breach claim. Plaintiff's claim of breach of the implied covenant of good faith and fair dealing rests on the Foresea-Ocyan

9

Defendants' alleged failure to honor the terms of the Agreement.  In support of this claim, Plaintiff asserts that he "was terminated in an effort to avoid paying him the Incentive Fee to which he was entitled to under the Agreement[,]" and that this termination was "in breach of the OOG Defendants'[5] collective duty of good faith and fair dealing."  FAC ¶¶ 92, 93.  However, this assertion is substantially identical to that contained in Count 1, which alleges that the Foresea-Ocyan Defendants breached their obligations under the Agreement by not paying Davis the Incentive Fee.  *See id*. ¶¶ 83–85.  That Plaintiff chose not to include the allegations that comprise Count 2 within the contents of Count 1 "does not mean that those acts support a separate claim for breach of an implied covenant of good faith."  *Alter*, 1997 WL 691332, at *8.  The failure by the Foresea-Ocyan Defendants to pay Davis his Incentive Fee runs as a common thread through the core facts that Plaintiff claims give rise to each of his contract claims.  Because the facts that are asserted to support the breach of the implied covenant claim readily could have been encompassed in the Count 1 breach claim, Count 2 must be dismissed as a separate cause of action.  *See generally Harris*, 310 F.3d 73; *TVT*, 244 F. Supp. 2d 263; *Alter*, 1997 WL 691332.

The breach of the implied covenant claim must also be dismissed because the damages it seeks to recover are identical to those asserted in Count 1.  Under New York law, claims for breach of the implied covenant of good faith which seek to recover damages that are intrinsically tied to the damages allegedly resulting from the breach of contract must be dismissed as redundant.  *See, e.g., Casalino Interior Demolition Corp. v. Custom Design Data*, *Inc.*, 235

---

[5] The "OOG Defendants" are Ocyan; ODN Tay IV GmbH; ODN I GmbH; Norbe Six GmbH f/k/a Odebrecht Drilling Norbe Six GmbH; ODN Tay IV GmbH; Norbe Eight GmbH f/k/a Odebrecht Drilling Norbe Eight GmbH; Norbe Nine GmbH f/k/a Odebrecht Drilling Norbe Nine GmbH; Foresea Offshore Drilling Finance Limited f/k/a Odebrecht Offshore Drilling Finance Limited; and Norbe VIII/IX Ltd. f/k/a Odebrecht Drilling Norbe VIII/IX Ltd.

A.D.2d 514, 515 (2d Dep't 1995); *see also TVT*, 244 F. Supp. 2d at 277–79.  Here, Plaintiff seeks to recover the exact amount in Count 2 as he does in Count 1: "As result of the foregoing, Davis has been damaged in the amount of not less than $4,457,713.26, plus interest, along with the fees and expenses, including attorneys' fees, incurred in connection with this action and seeking to enforce his rights under the Agreement."  FAC ¶¶ 85, 96 (identical language as to Count 1 and Count 2).  According to the Complaint, the damages requested for Counts 1 and 2 both arise from the failure by the Foresea-Ocyan Defendants to pay Plaintiff the Incentive Fee he believes he was due under the Agreement.  Thus, the damages requested for Count 2 are intrinsically tied to and simply repeat those requested for the Count 1 breach claim.  Because "the conduct and resulting injury alleged" in Count 2 for breach of the covenant of good faith and fair dealing "are identical to those alleged in the first . . . cause[] of action alleging breach of contract," Count 2 must be dismissed as duplicative.  *Deer Park Enters., LLC*, 870 N.Y.S.2d at 90.

## II.     THE INVESTOR DEFENDANTS' MOTION TO DISMISS

Plaintiff asserts two tortious interference with contract claims against the Investor Defendants based on the Agreement: *first*, Plaintiff alleges that the Investor Defendants tortiously interfered with that agreement "by wrongfully causing the OOG Defendants to not pay" him the Incentive Fee in breach of their express obligations, FAC ¶ 102 (Count 3); and *second*, by causing "the OOG Defendants to terminate [Plaintiff] as Creditor Representative in order to avoid payment of the Incentive Fee," in breach of the OOG Defendants' "duty of good faith and fair dealing," (Count 4) *id*. ¶112.   For the following reasons, the Investor Defendants' motion to dismiss both claims is GRANTED.

11

"Under New York law, the elements of tortious interference with contract are (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third[ ]party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) (internal references omitted). On a motion to dismiss, a plaintiff "must allege each of these elements in a non-conclusory fashion." *In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 520 (S.D.N.Y. 2011). Even accepting the non-conclusory allegations in the Complaint as true, Plaintiff fails to meet two of these required elements.

*First*, for the reasons discussed above with respect to the Foresea-Ocyan Defendants' motion to dismiss, the allegations in the Complaint cannot sustain a breach of contract claim. *See supra* § I; *see also Ferring B.V. v. Allergan, Inc.*, 4 F. Supp. 3d 612, 627 (S.D.N.Y. 2014) ("[A]n essential element of tortious interference with contractual relations claim is an actual breach of contract. Consequently, if the claims for breach of contract . . . are futile, as here, so too must be the claim for tortious interference.") (internal references omitted); *Jack L. Inselman & Co., Inc. v. FNB Fin. Co.*, 41 N.Y.2d 1078 (1977) ("In order for the plaintiff to have a cause of action for tortious interference of contract, it is axiomatic that there must be a breach of that contract by the other party.").

*Second*, Plaintiff does not adequately allege the Investor Defendants intentionally procured a breach of contract without justification. *See Kirch*, 449 F.3d at 401–02. Counts 3 and 4 in the Complaint mirror Counts 1 and 2, in that Count 3 claims, *inter alia*, that the Investor Defendants tortiously interfered with a contract by causing the Foresea-Ocyan Defendants to breach the Agreement by not paying the Incentive Fee, and Count 4 alleges tortious interference

with contract by the Investor Defendants by causing the Foresea-Ocyan Defendants to terminate Plaintiff in order to deprive him of the Incentive Fee. *See* FAC ¶¶ 97–104, 105–13. But both Counts fail, because under New York law, when a "complaint alleges nothing more than [a party's] exercise of its contractual right, it cannot support a claim for tortious interference with contract." *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 589 (2d Cir. 2005). "That is so because 'exercising contract rights does not constitute bad faith, a required element of a tortious interference claim.'" *JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 279 (S.D.N.Y. 2024) (quoting *Symquest Grp., Inc. v. Canon U.S.A., Inc.*, 186 F. Supp. 3d 257, 267 (E.D.N.Y. 2016)). Plaintiff's tortious interference claims allege interference by the Investor Defendants with the Agreement by "causing" the Foresea-Ocyan Defendants to terminate Plaintiff as Creditor Representative without justification.[6] *See* FAC ¶¶ 5, 68, 112. But the Indentures gave the majority holders of the Tranche 1 notes the right to replace Plaintiff as Creditor Representative "at any time," without limitation. *See* Indentures § 5.01(h). That the Investor Defendants chose to exercise their rights under a separate contract cannot be a basis for a claim that they procured a breach "without justification." *See Aetna*, 404 F.3d at 589. Thus, for this additional independent reason, Plaintiff's tortious interference claims fail and must also be dismissed.

---

[6] Moreover, Plaintiff's bare assertion that the Investor Defendants "caused without justification" Plaintiff's termination are the kind of mere "legal conclusions" that are "not entitled to the assumption of truth" when considering a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 664.

## CONCLUSION

For the reasons set forth above, the Foresea-Ocyan Defendants' Motion to Dismiss (Dkt. No. 41) is GRANTED and the Investor Defendants' Motion to Dismiss (Dkt. No. 44) is also GRANTED.  The Clerk of Court is respectfully directed to terminate Dkt. Nos. 41 and 44, to enter judgment accordingly, and to CLOSE this case.

Dated: March 31, 2025
       New York, New York

                                      SO ORDERED.

                                      MARGARET M. GARNETT
                                      United States District Judge